UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JUDY CHANG, individually and as Mother and Legal and Natural Guardian of R.C., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:10 CV 78 |
| BRETT CRABILL, | ) ) | |
| Defendant. | ) | |

## OPINION and ORDER

This matter is before the court on defendant Brett Crabill's motion to dismiss the complaint filed by the plaintiff, Judy Chang, and her son R.C. (DE # 9.) For the reasons that follow, the motion is denied.

I.    BACKGROUND

On July 24, 1998, Crabill married Chang, a citizen of Taiwan. (Compl. ¶ 7; DE # 9 ¶ 2.) On August 2, 1999, Crabill prepared and signed Affidavits of Support (Form I-864) which accompanied his petitions requesting that Chang and her son, R.C., be granted permanent resident status in the United States. (Compl. ¶ 8.) The Affidavits stated:

> I agree to provide the sponsored immigrant(s) whatever support is necessary to maintain the sponsored immigrant(s) at an income that is at least 125 percent of the Federal poverty guidelines. I understand that my obligation will continue until my death or the sponsored immigrant(s) have become U.S. citizens, can be credited with 40 quarters of work, depart the United States permanently, or die. . . .

1

> I understand that, under section 213A of the Immigration and Nationality Act (the Act), as amended, this affidavit of support constitutes a contract between me and the U.S. Government. This contract is designed to protect the United States Government, and State and local government agencies or private entities that provide means-tested public benefits, from having to pay benefits to or on behalf of the sponsored immigrant(s), for as long as I am obligated to support them under this affidavit of support. I understand that the sponsored immigrants . . . are entitled to sue me if I fail to meet my obligations under this affidavit of support . . . .

(Compl. Ex. A at 4-5, Ex. B at 4-5.)

The petitions were granted, and Chang and R.C. became permanent residents of the United States on or about October 22, 1999. (Compl. ¶ 10.) On or about September 15, 2000, Crabill divorced Chang. (Compl. ¶ 12.) No children were born to Crabill and Chang during the marriage. (DE # 8-7 ¶ 7.) After divorce proceedings concluded in the Circuit Court of Whitley County, Indiana, that court issued a divorce decree[1] stating: "No request was made by the respondent [Chang] for spousal maintenance or support of any kind." (DE # 8-7 ¶ 8.) No maintenance or child support was awarded.

Chang and R.C. filed suit in this court on March 19, 2010, alleging that Crabill had failed to provide support as required by the Affidavits of Support since May 1, 2000. (Compl. ¶ 11.) Chang and R.C. requested a judgment in the amount equal to 125% of the federal poverty guideline from May 1, 2000, to the present, plus interest and attorneys' fees, and an order for specific performance to financially support plaintiffs under the terms of the Affidavit. (Compl. 2-3.) Crabill moved to dismiss the complaint,

---

[1] The court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. *Pugh v. Tribune Co.,* 521 F.3d 686, 691 n.2 (7th Cir. 2008).

2

arguing that the divorce decree bars any claim for support under the Affidavits of Support. (DE # 9.)

## II. LEGAL STANDARD

Crabill has moved to dismiss plaintiffs' claims under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be granted. RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).

In deciding whether to dismiss, a court may consider the facts alleged in the pleadings and matters of which the court may take judicial notice, such as public records. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080-81 (7th Cir. 1997). When evaluating the sufficiency of a complaint, the court must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Reger Development, LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010).

## III. DISCUSSION

### A. Support for Chang

#### 1. *Crabill's Support Obligations in Light of Divorce*

To the extent that Crabill argues that his obligation to provide support for Chang under the Affidavit of Support terminated upon Chang and Crabill's divorce, the argument is rejected. Numerous courts have held that a sponsor's obligations under an Affidavit of Support do not terminate upon divorce. *See, e.g., Stump v. Stump*, No. 1:04 CV 253, 2005 WL 1290658 (N.D. Ind. May 27, 2005); *Cheshire v. Cheshire,* No. 3:05-cv-453, 2006 WL 1208010, at *4-5 (M.D. Fla. May 4, 2006); *Hrachova v. Cook,* No. 5:09-cv- 95-Oc-GRJ, 2009 WL 3674851 (M.D. Fla. Nov. 3, 2009); *Skorychenko v. Tompkins,* No. 08-cv-626, 2009 WL 3126379, at *2 (W.D. Wis. Sept. 28, 2009). As the *Hrachova* court summarized, "[t]he view that divorce does not terminate the obligation of a sponsor has been recognized by every federal court that has addressed the issue." 2009 WL 3674851, at *3. The court finds no merit in any argument Crabill may be attempting to make that the Affidavit he signed regarding Chang is unenforceable given the termination of Chang and Crabill's marriage.

#### 2. *Collateral Estoppel / Issue Preclusion*

Crabill also argues that the principle of collateral estoppel applies to bar Chang's claim. In determining the effect of a state court judgment in federal court, the federal court is to apply the collateral estoppel principles of the state that entered the prior judgment – in this case, the State of Indiana. *Rekhi v. Wildwood Indust. Inc.,* 61 F.3d 1313, 1316-17 (7th Cir. 1995). In Indiana, "[c]ollateral estoppel—also referred to as issue

preclusion—bars the subsequent litigation of an issue necessarily adjudicated in a former suit." *MicroVote Gen. Corp. v. Ind. Election Comm'n,* 924 N.E.2d 184, 197 (Ind. Ct. App. 2010).

However, "[c]ollateral estoppel does not extend to matters that were not expressly adjudicated or to matters that can be inferred from the prior adjudication only by argument." *Id.* Further, "[t]he primary consideration in the use of collateral estoppel is whether the party against whom the former adjudication is asserted had 'a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances' to permit the use of issue preclusion in the subsequent action." *Id.* (citing *Bartle v. Health Quest Realty VII,* 768 N.E.2d 912, 917 (Ind. Ct. App. 2002)); *MH Equity Managing Member, LLC v. Sands,* 938 N.E.2d 750, 756 n.1 (Ind. Ct. App. 2010) ("Collateral estoppel does not extend to matters that were not expressly adjudicated or to matters that can be inferred from the prior adjudication only by argument.").

In this case, the state court divorce decree stated that no request was made by Chang for "spousal maintenance or support of any kind." (DE # 8-7 at 1.) This statement is ambiguous at best, and it would require both argument and inference to find that the divorce court adjudicated the issue of immigrant support under the Affidavit of Support. Further, it can hardly be said that Chang had a full and fair opoprtunity to litigate the issue of support under the Affidavit. Accordingly, collateral estoppel does not apply.

### 3. Res Judicata / Claim Preclusion

Crabill also argues that the principle of res judicata should prevent Chang from suing him under the Affidavit of Support. The Seventh Circuit has held that courts are to "apply state res judicata principles when the earlier action in question was decided in state court." *Czarniecki v. City of Chicago,* 633 F.3d 545, 548 n.3 (7th Cir. 2011). The parties' divorce proceeding was decided in Indiana state court, so the court will apply Indiana's principles of res judicata.

Under Indiana law, the doctrine of res judicata (a term used interchangeably by the Indiana courts with the term "claim preclusion"[2]) serves to prevent the litigation of matters that have already been litigated. *Dev. Servs. Alts., Inc. v. Ind. Family & Soc. Servs. Admin.*, 915 N.E.2d 169, 179 (Ind. Ct. App. 2009). Res judicata is applicable when a final judgment on the merits has been rendered and acts to bar a subsequent action on the same claim between the same parties. *Id.* When res judicata applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. *Id.*

Res judicata or claim preclusion applies when the following four factors are present: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in

---

[2] Crabill also moves to dismiss on the basis of the doctrine of "merger," which he admits is identical to the concept of claim preclusion. (DE # 10 at 3.) Regardless of whether Crabill labeled the doctrine res judicata, claim preclusion, or merger, the argument that the doctrine applies to bar Chang's claim fails for the reasons set forth in this section of this opinion.

the former action was between parties to the present suit or their privies. *TacCo Falcon Point, Inc. v. Atlantic Ltd. Partnership XII,* 937 N.E.2d 1212, 1218 (Ind. Ct. App. 2010). The parties really only dispute the third element; specifically, the parties disagree as to whether the issue of support under the Affidavit of Support was or could have been adjudicated during the parties' divorce proceedings.

Res judicata is a defense for which Crabill will ultimately possess the burden of proof at trial, not Chang. *Kulavic v. Chi. & Ill. Midland Ry. Co.,* 1 F.3d 507, 517 (7th Cir.1993); *Lake Monroe Reg. Waste Dist. v. Waicukauski,* 501 N.E.2d 466, 469 (Ind. Ct. App. 1986). "[C]omplaints need not anticipate and attempt to plead around defenses." *United States v. Northern Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004). True, "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense," *U.S. Gypsum Co. v. Ind. Gas Co., Inc.,* 350 F.3d 623, 626 (7th Cir. 2003), but a plaintiff's omission of facts from her complaint which would ultimately defeat an affirmative defense does not justify dismissal. *Id.; Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006).

In this case, the pleadings and the state court divorce decree, of which the court may properly take judicial notice, are grossly lacking facts indicating that any claims for support under the Affidavits of Support were *actually* considered by the state court. True, the principle of res judicata will still bar a later action if the claim *could have* been litigated in the prior action. Crabill argues that Chang could have brought up the issue of immigrant support during their divorce proceedings, while Chang argues that it would not have been possible for her to have raised the issue during their divorce

proceedings because the cause of action was unknown to her at the time. For the reasons set forth below, an examination of the pleadings and matters of which the court may take judicial notice reveals a lack of facts on this issue, warranting denial of Crabill's motion to dismiss.

Under Indiana law, res judicata cannot operate to bar a cause of action which had not yet accrued at the time of the prior action. *McCarthy v. McCarthy*, 308 N.E.2d 429, 432 (Ind. Ct. App. 1974) (addressing spousal support claim). Determining the date of accrual begins with basic principles of Indiana contract law.[3] In determining when a claim of breach of a written contract accrues, Indiana follows the "discovery rule." *Strauser v. Westfield Ins. Co.*, 827 N.E.2d 1181, 1185 (Ind. Ct. App. 2005). Under the discovery rule, a cause of action accrues when the plaintiff knew or in the exercise of ordinary diligence could have discovered that the contract had been breached. *Id.; Del Vecchio v. Conseco, Inc.*, 788 N.E.2d 446, 449 (Ind. Ct. App. 2003). Whether a party acted with the appropriate diligence to discover that the contract had been breached is a question of fact, unless the undisputed or admitted facts allow a ruling on the issue as a matter of law. *Griffin v. Axsom,* 525 N.E.2d 346, 347-48 (Ind. Ct. App. 1998); *see also Herron v. Anigbo*, 897 N.E.2d 444, 450 (Ind. 2008) (discussing "reasonable diligence" standard in context of medical malpractice claims).

---

[3] The parties do not dispute that the Affidavit of Support is a contract on which Chang may sue in the event of a breach. Indeed, the Affidavits, which Crabill signed, make this exceedingly clear: "I understand that, under section 213A of the Immigration and Nationality Act (the Act), as amended, this affidavit of support constitutes a contract between me and the U.S. Government. . . I understand that the sponsored immigrants . . . are entitled to sue me if I fail to meet my obligations under this affidavit of support . . . ." (Compl. Ex. A at 4-5, Ex. B at 4-5.)

Thus, unless Chang knew of or in the exercise of ordinary diligence could have discovered Crabill's breach before the divorce proceedings, her claim had not yet accrued, and it was not a cause of action that "could have been litigated" during the divorce proceedings for res judicata purposes. The divorce decree does not even mention the Affidavit of Support or any duty Crabill had to support Chang based on her immigrant status. The only other facts that the court may consider in the context of this RULE 12(b)(6) motion are those contained in the complaint, and in it Chang says nothing about when she learned about the existence of the Affidavit of Support or when she learned that Crabill had failed to meet his obligations thereunder.

Nor was she required to. Chang was not required to anticipate the defense of res judicata and include facts to counter it in her complaint. *Northern Trust,* 372 F.3d at 888; *Gypsum,* 350 F.3d at 626; *Hollander,* 457 F.3d at 691 n.1. The fact that the pleadings and the state court divorce decree lack facts regarding the date of accrual does not require dismissal of Chang's complaint, but rather denial of Crabill's RULE 12(b)(6) motion. Though Crabill may be able to discover and present evidence to support a res judicata defense at a later time, Chang's pleadings are sufficient to survive Crabill's motion to dismiss today.

### B.  Support for R.C.

Up until this point, the court has been addressing Crabill's arguments as they relate to his promise to provide immigrant support for his ex-wife, Chang. But Crabill also signed an Affidavit promising to provide immigrant support for Chang's minor child, R.C., the other plaintiff in this case. (R.C. is not Crabill's biological child, but

9

Crabill signed an Affidavit of Support on his behalf in order for R.C. to obtain permanent resident status in the United States.) In his motion to dismiss, Crabill argues (somewhat half-heartedly) that the principles of collateral estoppel and res judicata should bar R.C.'s claims for support. Crabill's arguments as to R.C. warrant little discussion.

There are numerous legal holes in Crabill's argument regarding R.C.; the court addresses only a few here. It is clear that the issue of support for R.C. under the Affidavit of Support was never actually litigated during Chang and Crabill's divorce proceedings, so the principle of collateral estoppel is inapplicable. *MicroVote*, 924 N.E.2d at 197 ("[c]ollateral estoppel does not extend to matters that were not expressly adjudicated or to matters that can be inferred from the prior adjudication only by argument"). Res judicata might apply if R.C. *could have* raised the issue during Chang and Crabill's divorce proceedings, but the court finds such an argument tenuous. R.C. was not even a party to the divorce proceedings, and his rights to support of any kind were never at issue.[4] The divorce was between Chang and Crabill, and based on the divorce decree, R.C. played no role in proceedings whatsoever, other than the fact that the divorce decree noted his existence and the fact that he was not fathered by Crabill. (DE # 8-7 at 1.)

---

[4] In the State of Indiana, justice disfavors a child support order against a husband who is not the child's father. *Fairrow v. Fairrow*, 559 N.E.2d 597, 600 (Ind. 1990). Chang did not seek child support for R.C. during divorce proceedings, and she would have had no basis for doing so.

Further, even if Chang could be considered R.C.'s "representative" for purposes of seeking support under the Affidavit, the court will not hold that Chang was expected to assert a claim for immigrant support for R.C., whom Crabill did not father, during proceedings involving the termination of Chang's marriage to Crabill. Crabill has provided no caselaw showing that any court has done what Crabill asks this court to do, nor could the court locate any such authority in its own reasearch. Crabill's arguments as to R.C. are rejected.

## IV. CONCLUSION

In sum, the plaintiffs' complaint presents plausible claims for support pursuant to Affidavits of Support.[5] Defendant Crabill's motion to dismiss (DE # 9) is **DENIED**.

**SO ORDERED.**

Date: June 21, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[5] Chang encourages the court to consider her sworn affidavits, attached as exhibits to her response and sur-reply briefs, in which she attests that she did not know that she had a cause of action under the Affidavit of Support until she heard that a friend had been successfully sued under such an affidavit. The court may not consider this affidavit without converting Crabill's RULE 12(b)(6) motion into a motion for summary judgment under RULE 56. *See* FED. R. CIV. P. 12(d). The court declines to convert the present motion into a RULE 56 motion; the parties are free to collect evidence through the discovery process and move for summary judgment on their own accord.